Dear Judge Bagneris:
We requote your question as presented in recent correspondence to this office:
 Does any legal infraction occur if a person is serving in the Louisiana legislature as a state senator and is also employed and paid bi-weekly as a legal counsel to the Recorder of Mortgages, Parish of Orleans? The Recorder of Mortgages is a parochial office whose employees are paid through the Judicial Expense Fund, a public fund, which is managed by the judges of Civil District Court, First City Court, and Second City Court sitting en banc.
A state legislator may not concurrently hold any employment, whether part-time or full-time, in a political subdivision of the state. Neither may a state legislator hold a full-time appointive office in a political subdivision of the state. R.S. 42:63 (C) of the State Dual Officeholding and Dual Employment Laws sets forth the prohibitions that are pertinent to this matter and provides:
 C. No person holding an elective office in the government of this state shall at the same time hold another elective office, a full-time appointive office, or employment in the government of this state or in the government of a political subdivision thereof.
The definitional section of R.S. 42:62 contains the following definitions pertinent to this matter:
 (1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
 ******
 (4) "Full time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
 ******
 (7) The legislative branch of State government includes the members of the Senate and House of Representatives. . . .
 ******
 (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. . . .
 ******
When resolving the legality of a dual-officeholding matter, the position itself must be properly defined, and in this instance, characterized as either a position of employment or an appointive office. "Employment" is defined in R.S. 42:62 (3) as: ". . . any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or a political subdivision thereof." "Appointive office" means "any office .which is specifically established or specifically authorized by the constitution or laws of this state and which is filled by appointment .by an elected or appointed public official ". See R.S. 42:62
(2).
A legislator holds elective office in the government of the state. The unit of local government with respect to the second position here under consideration is the office of the recorder of mortgages. Because the position in the recorder's office is specifically authorized by law, pursuant to R.S. 44:268[1], we are inclined to characterize the second position as an appointive office within a political subdivision of the state under R.S. 42:62 (9).
We have spoken to Ms. Desiree Charbonnet, who is the elected Recorder of Mortgages of Orleans Parish, and confirmed that the position with her office is held on a full-time basis. R.S. 42:63 (C) quoted above prohibits the simultaneous holding of the offices of state legislator and a full-time appointive office. Thus, the law requires us to conclude that a violation of the dual-officeholding law would exist where a state legislator holds a full-time appointive office with the Orleans Parish Recorder of Mortgages.
Finally, if the parish engages the state legislator on the basis of contract, then the provisions (and prohibitions) of the dual officeholding law become inapplicable.
We respectfully refer the second part of your first question (concerning voting) and your entire second question to the Louisiana State Board of Ethics, 8401 United Plaza Blvd., Suite 200, Baton Rouge, Louisiana, 70809 (255-922-1400). That entity renders opinions concerning the possible application of the Code of Governmental Ethics, R.S. 42:1101et seq., in instances such as those here presented.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
cc: Louisiana State Board of Ethics
[1] R.S. 44:268 provides that "the register of conveyances and the recorder of mortgages may employ such clerks and assistants as may be necessary to carry out the provisions of R.S. 44:265-267. The number of such clerks and their salaries shall be fixed by the majority of the judges of the civil district court."